In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-443 CV 


______________________


 

CHRISTUS HEALTH SOUTHEAST TEXAS D/B/A


CHRISTUS ST. ELIZABETH HOSPITAL, Appellant



V.



WANDA LANHAM, Appellee






On Appeal from the 172nd District Court


 Jefferson County, Texas


Trial Cause No. E-177080 






MEMORANDUM OPINION


 This appeal involves the adequacy of an expert report in a healthcare liability claim. 
After complaining of shoulder and chest pains, Wanda Lanham was admitted to Christus
Health Southeast Texas, d/b/a Christus St. Elizabeth Hospital. During her hospitalization,
a nursing assistant helped Lanham take a shower. While Lanham sat on a shower chair, the
chair collapsed underneath her. Lanham filed suit against the hospital for injuries she
sustained in the fall. St. Elizabeth appeals the trial court's denial of its motion challenging
the sufficiency of the expert report of Cissi Oloomi, RN. See Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(l) (Vernon Supp. 2006). We affirm the trial court's order.

 The parties agree Chapter 74 of the Civil Practice and Remedies Code applies and an
expert report is required. See id. § 74.351(a). Lanham served expert reports from Dr. Major
Blair and Cissi Oloomi, RN. See id. Oloomi's report supplied the standard of care expected
of hospitals and nurses in providing care to patients and stated how St. Elizabeth failed to
meet those standards. See id. § 74.351(r)(6). Blair's report addressed the causal connection
relationship between the breach of the standard of care and the injury, harm, or damages
claimed. See id. St. Elizabeth filed a motion to dismiss challenging the sufficiency of both
reports. The hospital argued that Oloomi's report failed to adequately address the applicable
standard of care and the specific conduct that breached the standard of care. The hospital
complained that Blair's report failed to adequately address the causal relationship between
the alleged breach of the standard of care and the alleged harm. The trial court granted the
hospital's challenge to Blair's report and denied the challenge to Oloomi's report. Lanham
supplemented Blair's report. On appeal, St. Elizabeth contests only the trial court's ruling
regarding the sufficiency of Oloomi's report.

 We review a trial court's decision regarding the adequacy of an expert report under
an abuse of discretion standard. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46
S.W.3d 873, 878 (Tex. 2001). "A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner without reference to any guiding rules or principles." Bowie Mem'l
Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). A trial court does not abuse its discretion
merely by deciding a discretionary matter differently than an appellate court would under
similar circumstances. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.
1985). 

 Plaintiffs who assert a healthcare liability claim must provide each defendant
physician and healthcare provider an expert report. Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a). The issue for the trial court is whether the report represents a good-faith effort
to provide a fair summary of the expert's opinions. Palacios, 46 S.W.3d at 878. To
constitute a good faith effort, the report "must discuss the standard of care, breach, and
causation with sufficient specificity to inform the defendant of the conduct the plaintiff has
called into question and to provide a basis for the trial court to conclude that the claims have
merit." Id. at 875. A report does not need to marshal all of the plaintiff's proof, but must
include the expert's opinion on each of the statutory elements. See id. at 878.

 In her report, Oloomi cites the following three sections of The Joint Commission on
the Accreditation of Hospital Organizations: (1) Standard EC.1.10 for managing safety risks;
(2) Standard EC.1.20 for maintaining a safe environment; and (3) Standard EC.8.10 for
establishing and maintaining an appropriate environment. She asserts these standards must
be met to ensure patient safety and the appropriate care. The report then states that the
standard of care requires the effective management of the environment of care in the
following manner: by reducing and controlling environmental hazards and risks, preventing
accidents and injuries, and maintaining safe conditions for patients. The hospital must
perform periodic inspections of all equipment, identify risks by performing environmental
tours, and see that safety policies and procedures are followed to ensure proper maintenance
and safety of all equipment. All furnishings and equipment must be maintained and
inspected and must be safe and in good repair. In addition, there should be a policy regarding
the removal of any equipment that needs repair or is not in good working order and all
personnel should be oriented regarding that policy. 

 Oloomi states that the hospital breached the standard of care by failing to provide
Lanham with a shower chair that was safe and in good working order. She says the hospital
also failed to have systems of routine inspection and failed to enforce policies and procedures
for the removal of unsafe equipment by nursing personnel. Oloomi opines that as a result of
the hospital's failure to provide safe and appropriate equipment and to ensure implementation
of appropriate inspections and policies, the hospital provided negligent and substandard care,
and Lanham suffered injuries. 

 St. Elizabeth argues that Oloomi's report contains "vague generalizations about the
maintenance and inspection of 'all equipment'" and fails to address the standard of care
specifically for the use of a hospital shower chair. The hospital contends the report fails to
state how frequently shower chairs should be inspected and how they should be monitored.
An adequate report, the hospital argues, would provide "details on what constituted an
adequate equipment inspection policy and staff training program within the applicable
standards of care."

 St. Elizabeth also argues the report fails to provide a factual basis for Oloomi's
conclusion that the hospital breached the applicable standard of care. The hospital contends
the report should have "stated what was wrong with the equipment inspection policies and
procedures . . . in existence at the time of the events that form the basis of this suit." In
addition, the report should specifically state "what acts and omissions . . . constituted the
failure to provide a safe environment with regard to hospital shower chairs, and what
Christus St. Elizabeth Hospital could have done differently to ensure that the events did not
occur and would not reoccur."

 Lanham's petition essentially alleges that the hospital failed to inspect the shower
chair for defects before she used it. Under these circumstances, the expertise and degree of
specificity required to explain the standard of care in maintaining a shower chair is minimal. 
Oloomi states that the hospital must perform periodic inspections of furnishings and
equipment and must remove them if they are found to be in unsafe working order. The report
does not specify the frequency or manner of the inspection required. Lanham complains of
the lack of any inspection of the chair; the report states that the hospital failed to have an
inspection system in place and failed to have a procedure for removing unsafe equipment. 
The court may reasonably have concluded an inspection procedure would have discovered
a defective chair. Under the circumstances, the report provides sufficient information to
inform the defendant of the conduct called into question, adequately sets out the standard of
care and breach of that standard, and gives the trial court sufficient information on which to
evaluate the merits of the claim. The trial court's order is affirmed.

 AFFIRMED. 

 ___________________________

 DAVID GAULTNEY

 Justice

Submitted on January 11, 2007

Opinion Delivered February 15, 2007


Before McKeithen, C.J., Gaultney and Kreger, J.J.